GERTRUDE M. MARTIN, Respondent, *v.* ARTHUR B. MARTIN, Appellant.

Third Department, November 15, 1916.

Husband and wife — divorce — agreement to accept lump sum in lieu of alimony—when prior claim for money loaned by wife not extinguished.

Where a husband was sued for absolute divorce and the parties made a written agreement that, should the plaintiff obtain an interlocutory decree against him, " she is fully satisfied to accept a lump sum in two payments in full for all her claims for support, maintenance or otherwise, from and after the date of said interlocutory decree," the agreement was not effective to release a claim for moneys previously loaned by the wife to her husband, and after the divorce she may maintain an action to recover the same.

APPEAL by the defendant, Arthur B. Martin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 24th day of February, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*E. D. Cumming,* for the appellant.

*Charles H. Perry* [*Charles A. Hitchcock* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff was formerly the wife of the defendant, but has been divorced from her husband upon her action. She brings the present action to recover $150, money which she claims to have loaned the defendant before the divorce. There is no dispute that she loaned the money, but the defendant claims to have paid the same by having certain real property deeded to the plaintiff, and that in any event the same is to have been included in the sum of $3,000 which was paid in connection with the divorce action. The defense asserted is by no means so clearly established as to warrant this court in interfering with the determination of the jury, and the defendant having had the advantage of having the question of the proper construction of the stipulation in the divorce action submitted

to the jury, he is hardly in a position to urge that it was error, for certainly no court would hold as a matter of law that the words relied upon constituted an accord and satisfaction of this claim.  The stipulation in question provided that "in case the plaintiff herein has an interlocutory decree of absolute divorce against the above named defendant that her financial rights therein shall be as follows: that she is fully satisfied to accept a lump sum in two payments in full for all her claims for support, maintenance or otherwise, from and after the date of said interlocutory decree."  The stipulation merely relates to a time subsequent to the making of the interlocutory decree and clearly has no relation whatever to an existing claim for moneys loaned; it is the plaintiff's rights in the interlocutory judgment which are under consideration, and to attempt to give to the words "or otherwise" a scope which would embrace a loan made in the year 1913, in a stipulation in reference to alimony in an action pending in 1915, is not justified.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.